IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **KAROLINA TWAROWSKI,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. SAG-20-00815 |
| **HEART'S DESIRE DCL, LLC,** *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This case arises out of the rental, by the Twarowski family and their guests, of a large vacation property in the area of Deep Creek Lake, Maryland. During their stay, a wooden deck railing collapsed, causing the individual plaintiffs to fall and sustain serious injury. This lawsuit ensued. Defendants Taylor-Made Deep Creek Vacation & Sales, LLC ("Taylor-Made"), Chad Taylor, Joe Refosco, and Jodi Taylor Refosco (collectively, "the Taylor-Made Defendants"), and Heart's Desire DCL, LLC ("Heart's Desire"), filed Counterclaims against Plaintiff/Counter Defendant Agnieszka Twarowski ("Twarowski"), arguing that she owes them contractual indemnification, pursuant to an indemnification provision in the rental agreement she signed (the "Rental Agreement"). ECF 26, 44. Twarowski has filed motions to dismiss the Counterclaims filed by Heart's Desire, ECF 42, and the Taylor-Made Defendants, ECF 51, respectively ("the Motions"). I have considered the Motions, the memoranda and exhibits filed in support, and the oppositions and replies thereto. ECF 44, 45, 46, 55, 56. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth herein, Twarowski's Motions will be granted.

1

I.  **BACKGROUND**

The following facts are derived from the Counterclaims, and are taken as true for the purposes of adjudicating these motions.

Taylor-Made entered into a Rental Agreement with Twarowski on January 25, 2018, providing for a weekend rental of a property in McHenry, Garrett County, Maryland. ECF 44 ¶¶ 2, 4.[1] The property in question is owned by Defendant Heart's Desire. ECF 26 ¶ 4, ECF 26-1. Heart's Desire hired Taylor-Made as its property manager. ECF 26 ¶ 5. According to the Rental Agreement, Plaintiffs were listed as guests permitted to occupy the property during Twarowski's stay. ECF 44 ¶ 5, ECF 44-1 at 5. The Rental Agreement provided for arrival on May 25, 2018, and departure on May 28, 2018. ECF 44-1 at 1. On May 26, 2018, the day after arrival, there was "a falling accident from a house deck," allegedly resulting in personal injuries to the Plaintiffs. ECF 26 ¶ 1.

The Rental Agreement contains the following relevant provisions:

> **14. REPAIRS.** Even the best or newest equipment occasionally malfunctions and cannot be guaranteed. Problems are corrected as soon as possible. Tenant agrees that Taylor-Made Deep Creek Vacations & Sales, an authorized employee, or repairman may enter the premises during business hours for purposes connected with repairs, care or maintenance or premises.
> . . . .
>
> **20. INDEMNIFICATION.** Tenant agrees to indemnify and save individual homeowners, Taylor-Made Deep Creek Vacations & Sales and its employees, free and harmless for any liabilities or any loss or damage whatsoever arising from, related to or in connection with rental of the premises including but not limited to any claim or liability for personal injury or damage or loss of property which is made, incurred or sustained by tenant or guests of tenant.
> . . . .
>
> **22. AGENT RESPONSIBILITIES.** Agent agrees to provide the Premises in a fit and habitable condition. . . .

---

[1] The Taylor-Made Defendants' Counterclaim actually lists the date of the contract as January 25, 2016, but it appears to be a typographical error, because the date on the Rental Agreement itself is January 25, 2018. ECF 44-1 at 4.

. . . .

**23. TENANT RESPONSIBILITIES.** Inspect the home and notify agent of any unsafe conditions that are discovered. The tenant is required, at a minimum, to do the following with respect to maintenance of the property: . . . (6) Be responsible for all damage, defacement, or removal of any property inside the property that is in his or her exclusive control unless the damage, defacement or removal was due to ordinary wear and tear, acts of the landlord or his or her agent, defective products, [sic] supplied or repairs authorized by the landlord, acts of third parties not invitees of the tenant, or natural forces. . . .

ECF 44-1 at 3-4.

Plaintiffs filed suit, alleging claims for negligence, violation of Maryland's Consumer Protection Act, and spoliation. ECF 1. In the Counterclaims, Defendants argue that, under the indemnification clause in Paragraph 20 of the Rental Agreement, Twarowski has to indemnify the Taylor-Made Defendants and Heart's Desire if they are found liable for the damages any party sustained in the fall. ECF 26 ¶ 8; ECF 44 ¶ 6.

## II.  LEGAL STANDARDS

A 12(b)(6) motion constitutes an assertion that, even if the facts alleged by a plaintiff are true, the complaint or counterclaim fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997) (explaining that a court must "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff"). To survive a motion to dismiss, the factual allegations of a counterclaim, assumed to be true, "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The counter plaintiff's obligation is to show the "'grounds' of his 'entitle[ment] to relief,'" offering "more than labels and conclusions." *Id.* (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). It is not sufficient that the well-pleaded facts suggest "the mere possibility" of liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Rather, to withstand a motion to dismiss, "a complaint must contain sufficient factual

matter, accepted as true, 'to state a claim to relief that is plausible on its face,'" meaning that the court could "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 570).

### III. DISCUSSION

Twarowski essentially makes three arguments in support of her motions to dismiss: (1) the indemnification clause is void pursuant to Maryland Code, Real Property § 8-105; (2) the indemnification clause is invalid under Maryland common law because the Rental Agreement does not expressly or unequivocally express an intent to indemnify any party against its own negligence; and (3) even assuming the indemnification clause were enforceable, Heart's Desire is not a third party beneficiary of the Rental Agreement. ECF 42 at 3–10; ECF 51-1 at 4–13. Because Twarowski's latter two arguments are meritorious, this Court need not reach the statutory interpretation question regarding whether Twarowski had "exclusive control" of the rental property at the time of the incident.

The Maryland Court of Appeals recently stated, "[I]t is well-established that a contract cannot be construed to indemnify a party against its own negligence unless the contract expressly or unequivocally states that this is the parties' intent." *Steamfitters Loc. Union No. 602 v. Erie Ins. Exch.*, 233 A.3d 59, 85 (Md. 2020); *see also Kreter v. HealthSTAR Commc'ns., Inc.*, 914 A.2d 168, 175 (Md. Ct. Spec. App. 2007) (holding that "contracts to indemnify must be expressed in unequivocal terms . . . to protect the unwary and uninformed promisor" (quoting *Heat & Power Corp. v. Air Prods. & Chems., Inc.*, 578 A.2d 1202, 1208 (Md. 1990))). The Rental Agreement does not expressly or unequivocally indemnify Taylor-Made (or any associated party) against its own negligent maintenance of the property. While Paragraph 20 suggests that the Tenant would have to indemnify the Taylor-Made Defendants and "individual homeowners" for "any loss or

4

damage whatsoever," other provisions of the Rental Agreement render that language equivocal and ambiguous. *See, e.g.*, ECF 44-1 at ¶ 23 (expressly stating that that Tenant would not be responsible for property damage due to "acts of the landlord or his or her agent"); *Allstate Ins. Co. v. Stinebaugh*, 824 A.2d 87, 95 (Md. 2003) (noting that conflicting terms within the same contract create ambiguity). Further, the fact that the Rental Agreement lists "Agent Responsibilities" to include providing "the Premises in a fit and habitable condition" expressly suggests that the tenant enjoys protection from negligent maintenance of the premises by the homeowners and the property managers. ECF 44-1 at ¶ 22. At best, the Rental Agreement is ambiguous with respect to indemnification for Defendants' own negligent acts, which would mean the language should be construed against its drafter, Taylor-Made.[2] *See Credible Behav. Health, Inc. v. Johnson*, 220 A.3d 303, 314 (Md. 2019) ("[A] contract will be 'most strongly construed against' its drafter when a court finds the contractual terms at issue to be ambiguous." (quoting *Prima Paint Corp. v. Ammerman*, 287 A.2d 27, 28 (Md. 1972))). The plain language of the Rental Agreement simply does not amount to the express or unequivocal disclaimer required to indemnify a party for its own negligent acts.

Finally, even if the contract did expressly provide the Taylor-Made Defendants with protection against their own negligence, that protection would not extend to Heart's Desire. The indemnification clause states, "Tenant agrees to indemnify and save individual homeowners, Taylor-Made Deep Creek Vacations & Sales and its employees . . . ." ECF 44-1 at ¶ 20. Heart's

---

[2] The Taylor-Made Defendants' argument that ambiguity would not void the indemnification provision as to damages arising out of the negligence of other parties is illogical. *See* ECF 55 at 6-7. The Taylor-Made Defendants would only be entitled to indemnification in the event of a verdict against them. If they are not found to be negligent, or if Plaintiffs are deemed contributorily negligent, there would be no verdict against the Taylor-Made Defendants, and no basis for them to seek indemnification from Twarowski. Certainly, none of the arguments relating to negligent acts by other parties are foreclosed to the Taylor-Made Defendants by the rulings herein.

Desire's suggestion that it should be included in the definition of "individual homeowners" essentially asks this Court to disregard the word "individual," which is contrary to longstanding principles of contractual interpretation requiring this Court to give meaning to every term. *See Goodman v. Resol. Tr. Corp.*, 7 F.3d 1123, 1127 (4th Cir. 1993) ("Contract terms must be construed to give meaning and effect to every part of the contract."); *see also Murray v. Transcare Md., Inc.*, 37 A.3d 987, 1005 (Md. Ct. Spec. App. 2012) (citing Merriam-Webster's Collegiate Dictionary to define "individual" as "a single human being as contrasted with a social group or institution"). To the extent the parties intended indemnification to extend to *any* homeowner, whether corporate or individual, the word "individual" would have been omitted. Under the plain language of this agreement, then, Heart's Desire cannot qualify as a third-party beneficiary, because it cannot logically contend that the parties intended to recognize it, as a corporate entity, as "the primary party in interest with respect to" the promise to indemnify individual homeowners. *Cushman & Wakefield of Md., Inc. v. DRV Greentec, LLC*, 203 A.3d 835, 838-39 (Md. 2018). For that reason, in addition to the invalidity of the general indemnification clause described above, Defendants' Counterclaims seeking indemnification from Twarowski must be dismissed.

## IV.    CONCLUSION

For the reasons set forth above, Twarowski's Motions to Dismiss the Counterclaims, ECF 42 and 51, are GRANTED. A separate Order follows.


Dated: October 30, 2020                                  /s/
                                                Stephanie A. Gallagher
                                                United States District Judge