**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE
MDD_SAGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

August 31, 2021

LETTER ORDER

RE:  Karolina Twarowski, et al. v. Heart's Desire DCL, LLC, et al.
     Civil Case No. SAG-20-00815

Dear Counsel:

On August 27, 2021, Defendant Chad Taylor filed a certificate of good faith alerting the Court to an unresolved discovery dispute. ECF 146. The parties agree that the only contested issue is whether the Plaintiffs must produce four statements written by non-parties who witnessed the Plaintiffs' fall on May 26, 2018. Specifically, the parties dispute whether the witness statements should be protected from disclosure by the work product doctrine. At the Plaintiffs' suggestion, the Court agreed to review, and now has reviewed, the witness statements *in camera*. ECF 149. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons explained below, the Court has determined that the disputed witness statements are not subject to the work product protection. The Court therefore orders the Plaintiffs to produce the witness statements to Defendant Taylor.

The work product doctrine is a qualified privileged that protects materials that were created "by or for another party or its representative" and were prepared "in anticipation of litigation." Fed. R. Civ. P. 26(b)(3)(A); *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 174 (4th Cir. 2019) (quoting *United States v. Nobles*, 422 U.S. 225, 237-38 (1975)) (internal quotation omitted). There are two kinds of work product: "(1) fact work product, which is 'a transaction of the factual events involved,' and (2) opinion work product, which 'represents the actual thoughts and impressions of the attorney.'" *In re Search Warrant Issued June 13, 2019*, 942 F.3d at 174 (quoting *In re Grand Jury Subpoena*, 870 F.3d 312, 316 (4th Cir. 2017)).

The Plaintiffs claim that the disputed statements are protected fact work product because an attorney, Mr. Gallucci, instructed the witnesses to write the statements as part of his investigation into the fall. ECF 146-2 at 8. According to Mr. Gallucci's affidavit, on the night of the fall, Slawomir Twarowski contacted a lawyer to obtain legal advice because, "Defendants had approached the guests at the property on multiple occasions seeking information as to what had transpired on the property thus making the guests uncomfortable." *Id.* Mr. Gallucci states that this other lawyer contacted him, and that he advised the lawyer to have any witnesses to the fall write statements. *Id.*

Karolina Twarowski, et al. v. Heart's Desire DCL, LLC, et al.
Civil Case No. SAG-20-00815
August 31, 2021
Page 2

      The parties agree that the statements were each written before the Plaintiffs had formally retained any lawyers.[1]  *Id.*  Even assuming there was an attorney-client relationship between Slawomir Twarowski and either Mr. Gallucci or the other attorney referenced in his affidavit (or both) at the time the statements were written, the Plaintiffs have not demonstrated that the statements are protected work product.  Nothing other than Mr. Gallucci's affidavit supports the Plaintiffs' assertion that the statements were prepared at his request, or that they were prepared "in anticipation of litigation."  And the other evidence suggests that they were not.  Of the four witnesses who wrote statements, two expressly testified that their statements were *not* prepared at the request of an attorney or any of the Plaintiffs, ECF 146-1 at 24-25 (Aneta Jurkiewicz Dep., Mar. 26, 2021); ECF 146-1 at 43-44 (Edyta Jurkiewicz Dep., Mar. 25, 2021), one testified that she was never asked to write a statement, ECF 146-3 at 74-75 (Sylwia Sierko Dep., Mar. 26, 2021), and the fourth witness testified that she could not remember whether anyone told her "they needed the statements for lawyers."  ECF 146-1 at 54 (Jolanta Bloc Dep., Mar. 26, 2021).  Moreover, none of the four statements references any attorney or the possibility of litigation.

      Plaintiffs have not provided any evidence, besides Mr. Gallucci's affidavit, to support their argument that the statements are entitled to work product protection, and they have failed to provide any reason to disregard the other compelling evidence that suggests otherwise.  Additionally, while not determinative, this Court's review of the brief statements did not reveal any other reason they might be privileged, given that the statements' contents consist of basic facts and impressions, most of which are already included in the Court filings.  The Court will, therefore, GRANT Defendant's Motion to Compel, ECF 146-1, and order the Plaintiffs to produce the four witness statements on or before **September 3, 2021**.

      Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge

---

[1] Although not dispositive of the question whether the statements are entitled to work-product protection, that fact undermines the Plaintiffs' assertion that the statements were written "by or for [the Plaintiffs] or [their] representative[,]" and their assertion that they were written "in anticipation of litigation."