IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KAROLINA TWAROWSKI, *et al.*, | * |
| Plaintiffs, | * |
| v. | *   Civil Case No. SAG-20-00815 |
| HEART'S DESIRE DCL, LLC, *et al.*, | * |
| Defendants. | * |

**MEMORANDUM OPINION**

As noted in prior opinions, this case arises out of the rental, by the Twarowski family and their guests, of a large vacation property in the area of Deep Creek Lake, Maryland ("the Premises"). During their stay, a wooden deck railing collapsed, causing the individual plaintiffs to fall and sustain serious injury. This lawsuit ensued. On June 29, 2021, some of the originally named Defendants, Taylor-Made Deep Creek Vacation & Sales, LLC ("Taylor-Made"), Chad Taylor, Joe Refosco, and Jodi-Taylor Refosco (collectively "the Taylor-Made Cross-Plaintiffs") filed a Second Amended Cross-Claim against various Cross-Defendants, including in relevant part Heart's Desire DCL, LLC ("Heart's Desire") and C&H DCL Holdings, LLC ("C&H"). Heart's Desire and C&H have now filed a motion for partial summary judgment, seeking summary judgment in their favor as to the indemnification count (Count Two) of the Second Amended Cross-Claim ("the Motion"). ECF 157. I have considered the Motion, the memoranda and exhibits filed in support, and the oppositions and replies thereto. ECF 157-1, 157-2, 159, 160. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth herein, the Motion will be granted.

1

## I. BACKGROUND

The following facts are construed in the light most favorable to the non-moving parties. The Premises is owned by an LLC, Heart's Desire. ECF 101 ¶ 4, 20. C&H is the sole member of Heart's Desire. *Id.* ¶ 9. Heart's Desire hired Taylor-Made to serve as property manager for the Premises. *Id.* ¶ 12, 21. In that capacity, Taylor-Made entered into a Rental Agreement with Plaintiff Agnieszka Twarowski for a weekend rental of the Premises. *Id.* ¶ 35. The other Plaintiffs were invitees at the Premises during Twarowski's stay. *Id.* ¶ 45. On May 26, 2018, the day after Plaintiffs' arrival, "the previously negligently repaired section of the guardrail system for the outdoor deck broke, collapsed or gave way with light, ordinary and foreseeable application of pressure," allegedly resulting in serious personal injuries to three Plaintiffs. *Id.*

The relationship between Taylor-Made and Heart's Desire is governed by an Exclusive Property Management Agreement ("PMA") entered on or about October 14, 2011. ECF 118 ¶ 6. The PMA contains the following indemnification clause:

> Owner agrees to indemnify and hold Agent harmless from any and all costs, expenses, attorney's fees, suits, liabilities, damages or claims of damages, including but not limited to, those arising out of any injury, or death to any person or persons or loss or damage to any property of any kind whatsoever and to whomever belongings, including Owner, in any way relating to the management of the Property by the Agent or the performance or exercise of any of the duties, obligations, powers or authorities herein or hereafter granted to Agent, except as such may be the result of Agent's gross negligence or willful and intentional misconduct.

*Id.* Taylor-Made, as the "Agent" in the PMA, thus takes the position that Heart's Desire and C&H, as "Owner," have to indemnify the Taylor-Made Cross-Plaintiffs if they are found to be liable to the Plaintiffs in this case.

## II. LEGAL STANDARDS

Heart's Desire and C&H seek summary judgment as to Count Two, the indemnification count. Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate

only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a "scintilla of evidence" in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. *Id.* at 352. The non-moving party "must produce competent evidence on each element of [its] claim." *Id.* at 348-49 (quoting *Miskin*, 107 F. Supp. 2d at 671). If the non-moving party fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Id.* at 352 (quoting *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010) (unpublished)). In ruling on a motion for summary judgment, a court must view all of the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

### III. DISCUSSION

#### a. Indemnification Claim Against C&H

First, Cross-Plaintiffs have not established a plausible claim for contractual indemnification against C&H, because C&H is not a party to the PMA between Taylor-Made and Heart's Desire. Any contractual duty of indemnification created by the PMA is owed by Heart's Desire, and not its sole member, C&H. *See* Md. Code Ann., Corps. & Ass'ns §§ 4A-301-303(a) (providing that "real property ... may be acquired by a limited liability company" and that no member of that LLC "shall be personally liable for the obligations of the limited liability company, whether arising in contract, tort or otherwise, solely by reason of being a member of the limited liability company.").

In their opposition, the Taylor-Made Cross-Plaintiffs renew the already-rejected argument that because the PMA was signed by Dr. Hearne, one of the individual members of C&H, "there exists a genuine dispute of material fact as to which entity or entities Dr. Hearne bound through that signature." ECF 159 at 17. This Court disagrees. As it has already concluded in a prior opinion seeking to impose liability on Dr. Hearne and other individuals:

> The situation with respect to Cross-Plaintiffs' claim for contractual indemnification, however, is slightly more complex. In filling out Taylor-Made's form PMA, Steven Hearne listed himself and Joseph Cinderella on the lines calling for identification of the "owners" and signed his name on the line requiring the "Owner Signature." Cross-Plaintiffs argue that Hearne's handwritten insertions cause ambiguity as to the identity of the owner, rendering summary judgment improper. This Court disagrees. The form PMA expressly defines the "Owner" as "the fee simple owner of the following house, condominium unit, duplex, townhouse, and/or other residential dwelling unit." That language is not susceptible to more than one meaning. The PMA form is clearly designed with individual and not corporate owners in mind, as it, for example, has a line to identify the owner's "spouse." However, the fact that a client may improperly fill out the PMA form as

> a result of its formatting does not render the contract ambiguous. Both by the express definition of "Owner" in the agreement and by the uncontroverted evidence submitted in connection with the Motion, the fee simple owner of the Premises is Heart's Desire. Thus, there is no basis for Taylor-Made to seek contractual indemnification against any of the Individual Defendants, since any obligation rests with the LLC.

ECF 147 at 7-8 (internal citations omitted). Thus, Heart's Desire, and not its sole member, C&H, assumed whatever indemnification obligation exists under the PMA. Summary Judgment as to Count Two of the Second Amended Cross-Claim will be granted for C&H.

### b. Indemnification Claim Against Heart's Desire

The remaining issue, then, is the enforceability of the contractual indemnification provision in the PMA executed by Heart's Desire. Initially, this Court agrees with Heart's Desire that whether or not Heart's Desire may have been negligent itself is irrelevant to the question of the enforceability of the indemnification provision. By its express terms, the indemnification provision only applies where the liability is created by actions "in any way relating to the management of the Property by the Agent," or Taylor-Made. ECF 118 ¶ 6. Liability created by Heart's Desire's own actions would not trigger indemnification.

The operative question, then, is whether the indemnification clause, as drafted, is enforceable under Maryland law if Taylor-Made is found liable for the Plaintiffs' injuries. In Maryland, indemnification clauses seeking to indemnify a party for its own negligence are presumed to be unenforceable, unless the language expressly and plainly explains the clause's effect. *See Farrell Lines, Inc. v. Devlin*, 211 Md. 404, 421 (1956). The Court of Appeals explained, "[A]n indemnity contract will be strictly construed against the indemnitees and will not be construed as indemnifying one against his own negligence unless such a construction is required by clear and explicit language of the contract." *Id.* In a 2015 case, the Court of Appeals reiterated that the presumption against an indemnification agreement covering liability resulting from the

indemnitee's own negligence applies "unless an intention to [cover such liability] is expressed in those very words or in other unequivocal terms." *Board of Trustees, Community College of Baltimore County v. Patient First Corp.*, 444 Md. 452, 465 (2015) (quotation and citations omitted).[1]

The indemnification clause in this case does not clearly and unequivocally state that the Owner will indemnify Taylor-Made for its own negligence. Instead, in relatively convoluted legalese, it provides for broad indemnification "except as such may be the result of Agent's gross negligence or willful and intentional misconduct." ECF 157-2 at 4. Given that the PMA is a form contract drafted by Taylor-Made, apparently intended for signature by individual homeowners who may or may not be legally savvy, the indemnification clause does not contain the explicit language Maryland law requires to permit a party to enjoy indemnification for its own negligent conduct. Inclusion of the reference to "gross negligence or willful and intentional misconduct" may be significant to an attorney or legal scholar, but would not clearly indicate to a layperson that the layperson is agreeing to be liable for Taylor-Made's negligent acts. Accordingly, summary judgment as to Count Two in favor of Heart's Desire is also warranted, because the indemnification clause as drafted is not enforceable under Maryland law.

## IV.  CONCLUSION

For the reasons set forth above, Cross-Defendants' Motion for Partial Summary Judgment, ECF 157, will be GRANTED as to Count Two of the Second Amended Cross-Claim. A separate Order follows.

---

[1] This Court finds the alternative caselaw cited by the Taylor-Made Cross-Plaintiffs to be inapposite, as those cases involved exculpatory clauses, not indemnification clauses. *See* ECF 159 at 13-14 (citing *Nerenhausen v. Washco Mgmt. Corp.*, No. JKB-15-1313, 2017 U.S. Dist. LEXIS 59426 (D. Md. Apr. 18, 2017) and *Cornell v. Council of Unit Owners Hawaiian Village Condos.*, 983 F. Supp. 640, 643 (D. Md. 1997)).

Dated: November 17, 2021

/s/
Stephanie A. Gallagher
United States District Judge