IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| **KAROLINA TWAROWSKI,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. SAG-20-00815 |
| **HEART'S DESIRE DCL, LLC,** *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This personal injury lawsuit concerns the rental, by the Twarowski family and their guests ("Plaintiffs"), of a large vacation property in the area of Deep Creek Lake, Maryland ("the Premises"). The collapse of the Premises's wooden deck railing resulted in serious injury to the individual Plaintiffs. Currently pending is a motion for summary judgment ("the Motion") filed by three individual members of one of the Defendant entities, Taylor-Made Deep Creek Vacation & Sales, LLC ("Taylor-Made"). Chad Taylor, Joe Refosco, and Jodi-Taylor Refosco (collectively "the individual Taylor-Made Defendants") seek summary judgment as to the claims filed against them by Plaintiffs and as to the cross-claims asserted by the owner of the Premises, Heart's Desire DCL, LLC ("Heart's Desire"). ECF 172. I have considered the Motion, the memoranda and exhibits filed in support, and the oppositions and replies thereto. ECF 172, 173, 175. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth herein, the Motion will be granted.

I. BACKGROUND

The following facts are construed in the light most favorable to the non-moving parties. Heart's Desire hired Taylor-Made to serve as property manager for the Premises. ECF 101 ¶¶ 12,

21. In that capacity, Taylor-Made entered into a Rental Agreement with Plaintiff Agnieszka Twarowski for a weekend rental of the Premises. *Id.* ¶ 35. The other Plaintiffs were invitees at the Premises during Twarowski's stay. *Id.* ¶ 45. On May 26, 2018, the day after Plaintiffs' arrival, "the previously negligently repaired section of the guardrail system for the outdoor deck broke, collapsed or gave way with light, ordinary and foreseeable application of pressure," allegedly resulting in serious personal injuries to three Plaintiffs. *Id.*

The individual Taylor-Made Defendants are the sole members of Taylor-Made, the LLC. ECF 172-4 (Jodi Refosco Dep.) 45:1-46:9. Jodi Refosco ("Ms. Refosco") oversees reservations, owner relations, on-boarding new owners, and marketing for Taylor-Made. *Id.* at 45:1-3. She has never gone to the Premises to inspect the deck or railing and had no involvement in any service order for the deck railing. *Id.* at 147:10-148:17, 204:12. Joseph Refosco is Taylor-Made's head of property services and maintenance. *Id.* at 45:13-15. The maintenance department has a supervisor, Gary Paugh, who oversees approximately eight to nine maintenance employees. ECF 172-6 (Joseph Refosco Dep.) 34:8-35:4, 65:1-7. Paugh reports to Mr. Refosco. *Id.* at 23:21-24:1. Mr. Refosco also oversees a separate property services department which conducts annual maintenance inspections of the properties, including the Premises. *Id.* at 20:8-13, 32:1-7. Chad Taylor oversees network administration, accounting, marketing, and software engagement. ECF 172-7 (Chad Taylor Dep.) 10:8-11:10. He conducts little work outside of the office and had no involvement in the repair of the Premises's deck railing. *Id.* at 11:5-10, 31:2-32:22.

II.     **LEGAL STANDARDS**

Rule 56(a) of the Federal Rules of Civil Procedure states that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party

bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011). If the moving party establishes that there is no evidence to support the non-movant's case, the burden then shifts to the non-movant to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-movant must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of the non-movant's position is insufficient; rather, there must be evidence on which the jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Casey*, 823 F. Supp. 2d at 349.

Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. The non-movant "must produce competent evidence on each element of his or her claim." *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999). If the non-movant fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *see also Casey*, 823 F. Supp. 2d at 348-49. In ruling on a motion for summary judgment, a court must view the facts and inferences "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

III.    ANALYSIS

    A.  **Claims Brought by Plaintiffs**

Maryland law protects the members of an LLC from direct liability. *See* Md. Code Ann., Corps. & Ass'ns §§ 4A-301-303(a) (providing that "real property . . . may be acquired by a limited liability company" and that no member of that LLC "shall be personally liable for the obligations of the limited liability company, whether arising in contract, tort or otherwise, solely by reason of being a member of the limited liability company."). Instead, "corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body." *Tedrow v. Deskin*, 265 Md. 546, 550 (1972). Thus, the success of Plaintiffs' claims depends on their ability to prove that the individual Taylor-Made Defendants personally committed or participated in tortious acts.

There is simply no such evidence before this Court. As described above, none of the three individual Taylor-Made Defendants had any direct or indirect involvement in the repair of the deck railing at the Premises. Taylor referred the repairperson, James Daniels, to Mr. Refosco and the property management department prior to his hiring as a hot tub technician. ECF 175-2 44:9-45:17. Daniels testified that, after his hire, he received particular assignments from various office managers, who did not dictate how he was to perform the work. ECF 175-3 (James Daniels Dep.) 19:7-20-21, 25:4-10. He does not recall who assigned him to the deck repair at the premises. *Id.* at 39:18-40:5. Mr. Refosco and Mrs. Refosco each testified that they had no personal involvement in the repair. ECF 172-6 116:14-117:1; ECF 172-4 161-62. Plaintiff's contention that the use of a collective descriptor "the Taylor-Made Defendants" in legal briefing amounts to a concession that all of the Defendants had personal involvement in the relevant allegations is unpersuasive to the point of near-frivolousness. Plaintiffs' attempt to rely on such contentions highlights the utter

absence of any actual testimony or evidence supporting personal participation by the individual Taylor-Made Defendants.

Without any evidence of the individual Taylor-Made Defendants' involvement in the repair itself, Plaintiffs argue that they "*played a significant role* in the deck repair and made decisions that inspired the negligent repair." ECF 173 at 9 (emphasis in original). Plaintiffs argue that they negligently allowed Daniels to make the repair even though he was unqualified to do so and that they unreasonably ignored a guest's complaint in April of 2016 that the railing was "in need of immediate attention[.]" *Id.* at 10-11. Neither argument is meritorious. First, Plaintiffs' have not put forth any evidence that any of these Defendants "allowed" Daniels to make the repair. As the individual Taylor-Made Defendants argue, there is no evidence that any of them assigned Daniels to make the repair, and Daniels himself testified that he was "not exactly sure who" gave him that assignment. ECF 175 at 7-8. And second, whether or not the individual Taylor-Made Defendants ignored the April, 2016 complaint about the railing, undisputed evidence suggests that the railing received at least one favorable inspection in the intervening two years between that complaint and the Plaintiffs' stay. ECF 173 at 8.

The law cited by Plaintiffs also does not support their position. In *MaryCLE, LLC v. First Choice Internet, Inc.*, 166 Md. App. 481, 529 (2006) and *Allen v. Dackman*, 413 Md. 132, 152 (2010), there was evidence that the owner/corporate officer defendants directly participated in the tortious acts in question. Thus, claims against those individuals were appropriate. Here, Taylor-Made had about 80 to 100 employees, and as noted above, Plaintiffs have no evidence that any of the individual Taylor-Made Defendants had any personal involvement in any of the conduct for which they are suing.

Without evidence of any of the individual Taylor-Made Defendants' participation in the repair in question, Plaintiffs suggest that this Court should still pierce the corporate veil or allow financial discovery to determine whether veil-piercing is warranted. ECF 173 at 2-3. This Court is unpersuaded. The mere existence of a corporate sale or transaction does not suggest fraud and does not inherently impugn the viability of the corporate Defendant LLC, Taylor-Made. This Court need not decide whether Maryland permits the corporate veil to be pierced to enforce a paramount equity, because Plaintiffs have not demonstrated any paramount equity in jeopardy here. They offer no evidence, short of bare speculation, that any assets that might otherwise have been available to satisfy a judgment have been disturbed by the sale of Taylor-Made. The type of financial discovery Plaintiffs seek might be appropriate post-judgment if there are collection difficulties, but it is not available at this pre-judgment stage of the case—especially without any reason to believe such discovery would reveal any impropriety by the individual Taylor-Made Defendants. In the absence of a factual or legal basis to pierce the corporate veil at this stage, summary judgment in favor of the individual Taylor-Made Defendants against Plaintiffs is warranted.

### B. Cross-Claims Brought by Heart's Desire

Similar deficiencies exist as to the Amended Cross-Claim brought by Heart's Desire against the individual Taylor-Made Defendants. ECF 112. The Amended Cross-Claim does not expand upon the allegations in Plaintiffs' Amended Complaint to include any additional facts suggesting individual tortious conduct by any of those Defendants. Instead, the Amended Cross-Claim simply alleges contribution and indemnification claims premised on the breach of a duty by the individual Taylor-Made Defendants to "properly manage, maintain, and repair the property." ECF 112 ¶¶ 3, 5. For the reasons described above, Heart's Desire has not put forth any evidence

that could allow a reasonable factfinder to decide that any of the individual Taylor-Made Defendants breached any duty to do any of those things. Accordingly, there is no genuine issue of material fact precluding summary judgment in their favor on Heart's Desire's cross-claims.

## IV. CONCLUSION

The individual Taylor-Made Defendants' Motion for Summary Judgment, ECF 172, will be GRANTED as to Plaintiffs' claims and as to the Amended Cross-Claim filed by Heart's Desire. A separate Order follows.


Dated: August 23, 2022                              /s/
                                        Stephanie A. Gallagher
                                        United States District Judge